BOYER, Acting Chief Judge.
Appellant contends that the trial court erred in refusing to permit an expert witness called by her to testify on rebuttal as to the exact point of impact between the two vehicles involved in the accident which gave rise to this case. The record reveals that in response to the question “Do you have an opinion as to generally where the two vehicles came together?” appellant’s expert gave his opinion during the case in chief as to the general area of impact between the two vehicles. Appellees’ expert in his testimony gave an opinion pinpointing the point of impact at the spot where gouge marks had been found by accident investigators. Appellant’s counsel then recalled his expert on rebuttal and asked the following question: “Do you have an opinion as to the approximate point of impact of these two vehicles?” Appellees’ counsel objected, and after a colloquy in which the trial judge stated that he remembered appellant’s counsel had asked that question during her case in chief, the objection was sustained and the question withdrawn. On that set of facts, we fail to find reversible *951 error. The question asked by appellant’s counsel on rebuttal was virtually identical to one he had asked during the expert’s earlier testimony, and the expert’s lengthy testimony during the case in chief and on rebuttal adequately established for the jury’s consideration his conception of how the accident had occurred.
Although we have already expressed our opinion of affirmance, we feel it pertinent to note in addition that appellant’s counsel withdrew the question upon which this appeal is based. While it is no longer necessary under Fla.R.Civ.P. 1.470, to take an exception to an adverse ruling in order to preserve a point on appeal, we do not think that it is proper for an appeal to be based on a matter which is affirmatively removed from consideration by the party at the trial level. There can be no error in a trial court’s ruling on such a matter because any ruling becomes immaterial after the question creating the objection is withdrawn.
AFFIRMED.
SMITH and ERVIN, JJ., concur.